UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAXWELL REAL ESTATE INVESTMENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> PEDRO BRACHO; NORMA ACEVES, aka NORMA BRACHO; and Does 1 to 20, inclusive, <br><br> Defendant. | Case No.: C 12-02774 RMW <br><br> ORDER GRANTING MOTION TO REMAND <br><br> **[Re Docket No. 9]** |

Plaintiff Maxwell Real Estate Investment LLC ("Maxwell") moves to remand this case to San Benito County Superior Court. Defendants do not oppose. Because the court finds that it lacks subject matter jurisdiction over the action, plaintiff's motion to remand is granted.

**I.   DISCUSSION**

Plaintiff initiated the instant action by filing a complaint for unlawful detainer in San Benito County Superior Court on April 25, 2012. Defendants removed the case to this court on May 30, 2012, asserting jurisdiction under 28 U.S.C. § 1441(a), which provides for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Defendants contend that the complaint presents "federal questions," referencing the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220 ("PTFA"). *See* Dkt. No. 1 (Notice of Removal) ¶ 6.

1

Case No.: C 12-02774 RMW
ORDER GRANTING MOTION TO REMAND

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint' rule," *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840-42 (1989), which specifies that "a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 59-60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). "Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated." *K2 AM. Corp. v. Roland Oil &Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011).

Here, defendants assert that the notice to quit issued by plaintiff failed to comply with the PTFA. Thus, defendants invoke federal law as a *defense* to plaintiff's state law claim for unlawful detainer. Because plaintiff's well-pleaded complaint does not itself raise a federal question that would have entitled plaintiff to initiate his action in this court, defendants' removal of the case on the basis of federal question jurisdiction was improper. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) ("The existence of a defense based upon federal law is insufficient to support jurisdiction.").

Additionally, there do not appear to be grounds for removal on the basis of diversity jurisdiction. Federal courts may exercise diversity jurisdiction pursuant to 28 U.S.C. 1332(a) only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." The complaint alleges that the amount in controversy is under $10,000, which falls well below the $75,000 threshold. *See Deutsche Bank Nat'l Trust Co. v. De Guzman*, No. CV 11-1460-GHK (DTBx), 2011 U.S. Dist. LEXIS 114424, at *3 (C.D. Cal. 2011) ("In unlawful detainer cases, the right to possession—not title to the property—is at issue, and thus the amount in controversy is determined by the damages sought by the Complaint.") (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (Cal. Ct. App. 1977))). Thus, defendants' removal of this case on the basis of diversity jurisdiction would also be improper.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statue is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Because the defendants cannot establish either federal

question or diversity jurisdiction, the court must remand this action for lack of subject matter jurisdiction.

## II.  ORDER

For the foregoing reasons, the case is remanded to San Benito County Superior Court.

**IT IS SO ORDERED.**

Dated: July 13, 2012



_____
RONALD M. WHYTE
United States District Judge